UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ARKI NARVAEZ,

                Plaintiff,

      — against —

UNITED STATES OF AMERICA and
U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

                Defendants.
------------------------------------------------------X

**MEMORANDUM and ORDER**

05 CV 2240 (SLT)(RML)

**TOWNES, United States District Judge:**

      Plaintiff, Arki Narvaez ("Plaintiff" or "Narvaez"), brings this action against defendants United States and the United States Department of Housing and Urban Development ("HUD")[1], alleging that the Government ("Defendant" or the "Government"), through its negligence in maintaining certain property, caused Plaintiff to fall and sustain severe and permanent injuries. Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[2] For the reasons set forth below, Defendant's motion is granted.

---

[1] Although Narvaez has named both the United States and the United States Department of Housing and Urban Development as defendants, the FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself. *C.P. Chemical Co., Inc. v. United States,* 810 F.2d 34, 37 n.1 (2d Cir. 1987) (citing 28 U.S.C. § 2679(a)). The Department of Housing and Urban Development is a "federal agency" within the definition of that term in the FTCA. *See* 28 U.S.C. § 2671. Therefore, the United States is the only proper defendant and all claims against the Department of Housing and Urban Development are dismissed.

[2] Defendants also moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. However, because Plaintiff's claims are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, it is unnecessary for the Court to consider Defendant's claims under Rule 12(b)(6).

# BACKGROUND[3]

*A.     Administrative History*

On June 7, 2002, Plaintiff was injured when he fell "because of [sic] defective stair way."[4] (Compl. at ¶ 6). Plaintiff alleges that his fall was caused by the negligence of Defendant, whom Plaintiff alleges owns or manages the premises. (Compl. at ¶¶ 5, 7.) Plaintiff alleges that he sustained "severe and permanent personal injuries" as a result of Defendant's negligence. (Compl. at ¶ 8.)

On or about July 30, 2003, Plaintiff filed an administrative claim with HUD alleging injury from a "slip and fall on wet stairs." (John Cahill Declaration ("Cahill Decl.")[5] at ¶ 2; *see also* Exh. A). The claim did not identify the location of the alleged incident, including the address or the specific stairwell in question. (Cahill Decl. at ¶ 3; *see also* Exh. A.) Plaintiff's claim also lacked medical documentation related to his alleged injuries. (Cahill Decl. at ¶ 3.) Additionally, the claim did not allege any negligence on the part of any HUD employee. (*Id.*)

By letter dated September 4, 2003, HUD requested Plaintiff provide additional information, including, but not limited to, any information connecting HUD to the subject property, any supporting medical documentation, and the amount of damages claimed, so that HUD could investigate the claim. (*See* Exh. B.) In its letter, HUD stated that the submitted claim did "not give any indication of HUD's interest in the property where the alleged incident

---

[3] The following facts are taken from the pleadings and the parties' supporting materials. *See Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise.").

[4] Although Plaintiff's Complaint indicates Plaintiff is female, Plaintiff's medical records describe Plaintiff as a male in his 20s. Therefore, the Court will refer to Plaintiff as a male in this opinion.

[5] In support of its motion, Defendant has submitted the Declaration of John J. Cahill, Regional Counsel for New York/New Jersey United States Department of Housing and Urban Development.

occurred, nor the basis for the amount of damages claimed." (*Id.*)  Further, HUD requested Plaintiff provide a detailed description of the incident, including acts, omissions, or negligence on the part of HUD employees that were alleged to have contributed to the fall. (*Id.*) Plaintiff failed to respond to HUD's September 4, 2003 correspondence. (Cahill Decl. at ¶ 4.)

In the absence of any response from Plaintiff, HUD sent Plaintiff a second request for information by letter dated March 17, 2004. (Cahill Decl. at ¶ 5; *see also* Exh. C.)  HUD advised Plaintiff that his claim would be administratively closed if he failed to submit the requested information within 30 days of the letter. (*See* Exh. C.) On April 21, 2004, Plaintiff provided HUD with some medical documents and a statement that HUD was negligent in its ownership and maintenance of certain property, but Plaintiff still failed to identify the property or link the property to HUD in any way. (*See* Exh. D.) Plaintiff's correspondence also did not identify the location of the alleged incident nor describe the circumstances under which he alleged that it occurred. (*Id.*)

HUD made additional inquiries to obtain information from Plaintiff. Defendants allege that a HUD representative placed two telephone calls to Plaintiff, one on November 7, 2004, and a second one on November 18, 2004, in an attempt to find out the location of the alleged incident and to obtain more information. (Cahill Decl. at ¶ 7.)  Defendant alleges that Plaintiff failed to return the calls or provide the requested information. (*Id.*)  On November 29, 2004, HUD sent Plaintiff a letter by certified mail, denying Plaintiff's claim, and advising Plaintiff that if he disagreed with their decision, he could file suit in District Court. (*See* Exh. E.)

Plaintiff filed a Complaint in this court on or about May 9, 2005.  The Complaint lists the address of the premises where the alleged incident occurred. (Compl. at ¶ 4.) Defendant alleges

3

that it only became aware of the address of the incident when it received the Complaint. (Cahill Decl. at ¶ 9.) However, Plaintiff contends he sent HUD a piece of paper containing the address of the incident on January 20, 2003. (*See* Attorney's Affirmation in Opposition to Motion to Dismiss ("Pl. Aff.") at pp. 1.) HUD alleges it never received this correspondence from Plaintiff. (Cahill Decl. at ¶ 9.)

Plaintiff alleges in his Complaint that "while lawfully inside the aforesaid building owned and managed by the Defendant" he was injured "because of defective stair way." (Compl. at ¶ 6.) The Complaint gives no further details about the incident or how it occurred. Plaintiff alleges that his fall was "caused solely and wholly by the negligence of Defendant" and requests damages for pain and suffering caused by his injuries. (Compl. at ¶¶ 7,8.) Neither Plaintiff nor his attorney make any reference to the Federal Tort Claims Act or any other law or statute in the Complaint.

### B.     *ARCO Management Corporation*

At the time of the alleged accident, HUD contracted with ARCO Management Corporation ("ARCO"), a licensed private real estate management and maintenance company, for the management and maintenance of the subject property. (Cahill Decl. at ¶ 10; *see also* Exh. G.) Under the contract in effect between HUD and ARCO at the time of Plaintiff's alleged accident, ARCO was required to maintain the building and grounds of the subject property. (*See* Contract between HUD and ARCO ("Contract"), Bates Stamped 1- 347.) In addition, hiring and day-to-day supervision of employees remained the responsibility of ARCO. (*Id.*)

## DISCUSSION

A.      *Standard for motion to dismiss under Rule 12(b)(1)*

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001); *Kamen v. AT&T Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The burden is on the plaintiff to both plead and prove compliance with the Federal Tort Claims Act statutory requirements. *In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir. 1987). Absent sufficient proof by the asserting party, the court lacks jurisdiction over the matter. *Id.*

B.      *The Federal Tort Claims Act*

"The United States, as sovereign, is immune from suit save as it consents to be sued..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Fisko v. U.S. General Serv. Admin.*, 395 F. Supp. 2d 57, 61 (S.D.N.Y. 2005) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980)). Although Congress can waive the Government's sovereign immunity through clear and unequivocal statutory language, waivers of sovereign immunity and their conditions must be strictly construed against the claimant. *Fisko*, 395 F. Supp. 2d at 61-62. Accordingly, if the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over a plaintiff's claims. *Id.* at 62.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., provides a limited waiver of the sovereign immunity of the United States for certain torts. *See Johnson v. Smithsonian Inst.,* 189 F.3d 180, 189 (2d Cir. 1999). The FTCA waives the Government's sovereign immunity with respect to claims against the United States that seek money damages for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Any suit under the FTCA must strictly comply with the terms and conditions of this waiver. *Johnson*, 189 F.3d at 189.

The Supreme Court has held that the presentment requirement of 28 U.S.C. § 2675(a) is unambiguous. *McNeil v.United States*, 508 U.S. 106, 111, 113 S. Ct. 1980, 124 L. Ed. 2d 21(1993). Section 2675(a) provides, in relevant part: "An action shall not be instituted upon a claim against the United States for money damages for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The presentment requirement of § 2675 "must be satisfied to obtain jurisdiction to sue the United States." *Romulus v. United States*, 983 F. Supp. 336, 338 (E.D.N.Y. 1997), *aff'd*, 160 F.3d 131 (2d Cir. 1998).

As courts have observed, § 2675 was enacted with the goal of settling tort claims by requiring that claims be presented to the appropriate agency before suit is brought. *See Romulus*, 983 F. Supp. at 338. Congress did not define presentment, but Courts have held that a claim meets the presentment requirements of § 2675(a) when the claim is specific enough to serve the purposes intended by Congress in enacting § 2675(a), which is to ease court congestion and avoid

unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims. *Id.* A claim "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus*, 160 F.3d at 132.

Defendant argues that Plaintiff did not meet the presentment requirements of § 2675 because the lack of information submitted by Plaintiff in his claim made it impossible for the Government to conduct an investigation and expedite the settlement of the claim. Defendant alleges that Plaintiff failed to identify the specific stairwell in question or even the street, city or state where the incident occurred. Plaintiff also failed to describe the incident or how it occurred, or provide any information on any alleged negligence of a HUD employee. Without this information, Defendant argues, HUD could not conduct an investigation, inspect the property, confirm that the property was, in fact, owned by HUD, or adequately assess the value of any alleged damage to Plaintiff.

Plaintiff contends that he did send a piece of paper stating the location of the accident to HUD on January 30, 2003. (*See* Pl. Aff. pp. 1-3, Exh. A.) Plaintiff states that this document satisfies his presentment requirements. However, the January 20, 2003 letter fails to indicate what kind of accident occurred, how it occurred, any alleged negligence on behalf of any HUD employee, the kind of injury plaintiff allegedly sustained, or to indicate a sum certain for damages. Further, while Plaintiff claims to have mailed the letter to HUD, HUD claims it never received the letter and Plaintiff offers no evidence proving that he actually mailed the letter. In this district, courts have held that "proof of actual receipt of a notice of claim by the appropriate federal agency is required to satisfy the presentment requirement of the FTCA." *Pinchasow v. United States*, 408 F. Supp. 2d 138, 142 (E.D.N.Y. 2006).

7

In addition, Plaintiff's January 20, 2003 letter was allegedly mailed more than six months before his Standard Form 95 ("SF 95") but nowhere in Plaintiff's SF 95 does he reference or incorporate this allegedly prior correspondence in order to apprise HUD of the location of the accident. Further, all evidence demonstrates that HUD was unaware of the location of plaintiff's alleged accident. HUD repeatedly attempted to contact plaintiff in an attempt to identify, among other things, the location of the accident, and what, if any, relationship the property allegedly had to HUD. Despite HUD's request for information, plaintiff did not provide the requested information. While the information plaintiff did provide (i.e. partial medical records, and nothing pertaining to the location of the accident) may arguably be construed as a good faith attempt to provide the appropriate required information, "even [a] good faith effort to comply with the requirements of 28 U.S.C. § 2675 cannot and does not substitute for actual compliance with the strict requirements of Section 2675." *O'Connor v. United States*, No. 99-0117, 2000 WL 375238, at *3 (S.D.N.Y. April 12, 2000). As Plaintiff failed to produce documentation necessary for the Government to "conduct an investigation" or "expedite the settlement of the claim," despite HUD's request that Plaintiff do so, Plaintiff's complaint must be dismissed for failure to meet the presentment requirements under the FTCA.

## C. Liability for Actions of Independent Contractors

Even if Plaintiff had satisfied the presentment requirement under 28 U.S.C. § 2675(a), however, Plaintiff's claim would still be dismissed. Defendant cannot be held liable for any alleged acts or omissions of the independent contractor, ARCO.

Under the FTCA, the United States has waived its sovereign immunity for suits arising from any injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). However, 28 U.S.C. § 2671 clarifies that the term "employee" specifically excludes "any contractor with the United States." It is well-established that the federal government is not liable for the negligence of independent contractors. *See, e.g. United States v. Orleans*, 425 U.S. 807, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 93 S. Ct. 2215, 37 L. Ed. 2d 121 (1973).

Whether an entity is classified as a federal employee or an independent contractor is a matter of federal law. *See Leone v. United States*, 910 F.2d 46, 49 (2d Cir. 1990). The central inquiry is whether the government has the power to control the detailed physical performance of the contractor. *See Orleans,* 425 U.S. at 814; *see also Abrams-Fogliani v. United States*, 952 F. Supp. 143, 145 (E.D.N.Y. 1996) ("The critical factor in distinguishing an employee of the government from an independent contractor is whether the government retained the authority to control the detailed physical performance of the work or whether the worker's day-to-day operations in fact were supervised by the federal government."). The retention of a right to inspect the progress of a contractor's project or the reservation of broad supervisory powers to control a contractor's compliance with the contract's specifications does not establish the agency

relationship necessary for FTCA jurisdiction over the government. *Fisko v. U.S. General Services Admin.*, 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005); *see also Leone,* 910 F.2d at 50 (where Government acts "generally as an overseer," no FTCA jurisdiction); *Roditis v. United States*, 122 F.3d 108, 111 (2d Cir. 1997) ("the [G]overnment's retention of a right to inspect...does not convert a contractor into a federal employee.")

Courts in this Circuit have repeatedly found that there is no jurisdiction under the FTCA when an independent contractor maintains control of day-to-day operations. For example, in *Fisko*, the plaintiff sued the United States under the FTCA for injuries allegedly sustained when plaintiff tripped and fell while walking by a former World Trade Center building leased by the government. *Fisko*, 395 F. Supp. 2d at 59-60. The government moved to dismiss plaintiff's complaint on the grounds that any negligence or defective condition was the responsibility of its independent contractor that provided maintenance and repair of the area in question. *Id.* at 61-62. Finding that the government did not maintain control over the maintenance and repair of the area of the area in question, the Court held that the contractors were independent contractors, not government employees. *Id.* at 63. Thus, the government could not be held liable where it delegated its responsibilities to its contractors that allegedly caused plaintiff's injuries. *Id*.

In *Macrigione v. United States*, No. 83-1824, 1988 WL 2498 (E.D.N.Y. Jan. 11, 1988), the plaintiff filed suit under the FTCA against HUD for failure to maintain a stairway, having fallen through a weak step. *Id*. at *1. HUD, however, had contracted with an independent property management company to maintain the property. *Id.* The Court noted that the contract between HUD and the independent contractor revealed that the independent contractor was responsible for the day-to-day control of the property, including supervision of all maintenance,

repair, and operating activities. *Id*. at *3. The Court held that the government could not be held liable for the act of an independent contractor under the FTCA. *Id*.

In *Shivcharan v. United States,* No. 04-1296, 2005 WL 408046 (E.D.N.Y. Feb. 15, 2005), plaintiffs also brought suit under the FTCA alleging negligence in the maintenance of property owned by HUD. *Id.* at *1. As in the instant action, the property at issue in *Shivcharan* was managed by ACRO. *Id*. The Court held that, under the contract, ARCO was an independent contractor, and, accordingly, dismissed Plaintiff's claims. *Id.* at *2. The language the Court pointed to as evidence that ARCO was an independent contractor was a provision in the contract that stated that ARCO would "maintain project(s) in a decent, safe and sanitary condition," including "provid[ing] day-to-day maintenance operations[s]." *Id.*

The contract between ARCO and HUD in the instant action, which has been provided to the Court, contains the exact same language the *Shivcharan* Court cited as evidence of the nature of the relationship between HUD and ARCO, including the provision that ARCO will "provide day-to-day maintenance operation[s]." (*See* Contract, § 18.1.5). Because ARCO assumed responsibility for day-to-day operations, without detailed supervision of its performance by the Government, ARCO is an independent contractor and the Government cannot be held liable for any of its alleged acts or omissions. Therefore, Plaintiff's claim must be dismissed.

## CONCLUSION

11

For the reasons set forth above, Defendant's motion is GRANTED and Plaintiff's Complaint is dismissed with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 18, 2007

/s/
SANDRA L. TOWNES
United States District Judge